[682 NYS2d 704]

In the Matter of ARNOLD RABINOR et al., Respondents, v CITY OF ITHACA BUILDING CODE BOARD OF APPEALS, Appellant.

Third Department, December 30, 1998

## APPEARANCES OF COUNSEL

*Mariette Geldenhuys, City Attorney,* Ithaca (*Patricia M. Kennedy* of counsel), for appellant.

*Holmberg, Galbraith, Holmberg & Orkin,* Ithaca (*Anna K. Holmberg* of counsel), for respondents.

*Green, Steward, Farber & Anderson,* Albany (*Eileen M. Considine* of counsel), for New York State Builders Association, Inc., *amicus curiae.*

## OPINION OF THE COURT

CREW III, J.

In 1958, the Common Council of the City of Ithaca adopted the New York State Uniform Fire Prevention and Building Code Act ([hereinafter the Uniform Building Code] *see*, Executive Law art 18). Thereafter, in 1981, the Uniform Building Code was amended in an effort to "[i]mmediately provide for a minimum level of protection from the hazards of fire in every part of the state" (Executive Law § 371 [2] [a]). In so doing, one of the stated objectives of the amendment was to "reconcile the myriad existing and potentially conflicting regulations which apply to different types of buildings and occupancies" (Executive Law § 371 [2] [b] [1]) by providing for the promulgation of a single, adequate, uniform, enforceable code (*see*, Executive Law § 371 [1] [b]; [2] [b]). The reach of the statutory amendment, however, was expressly limited. "Notwithstanding any other provisions of this act [L 1981, ch 707], the provisions of article eighteen of the executive law * * * shall not be applicable to any building constructed or under construction prior to [January 1, 1984], until the legislature by law expressly provides for financial incentives and assistance for the implementation of such provisions and their applicability to such buildings provided, however, that this section shall not apply to any provision of such article eighteen which is substantially similar to any provision of a code, general, special or local law, or ordinance to which an existing building was subject immediately prior to the effective date of such article" (L 1981, ch 707, § 19).

In 1995, the Common Council adopted, insofar as is relevant to this appeal, Ordinance 95-1 requiring "[t]he owner of any structure used wholly or partially for residential purposes within the City of Ithaca * * * to install and maintain a smoke/heat detector or system in the structure in accordance with the requirements set forth [therein]", including all affected

structures constructed prior to January 1, 1984. The City then petitioned the State Fire Prevention and Building Code Council for acceptance of the ordinance and such approval was granted (*see*, Executive Law § 379).

By letter dated October 11, 1996, the Building Commissioner of the City of Ithaca ordered petitioner Arnold Rabinor to install smoke/heat detection systems as required by the ordinance in any and all residential property owned by petitioner to which the ordinance applied.[1] Following an unsuccessful administrative appeal to respondent, Rabinor and his affected companies, petitioners RAB CO-Highland House Apartments and RAB CO-Chestnut Hill Apartments, commenced this proceeding pursuant to CPLR article 78 seeking to challenge respondent's determination. Supreme Court granted the petition and this appeal by respondent ensued.

We affirm. As pointed out by respondent, Executive Law § 379 (1) expressly permits "the legislative body of any local government [to] duly enact or adopt local laws or ordinances imposing higher or more restrictive standards for construction within the jurisdiction of such local government than are applicable generally to such local government in the uniform code". If such a local law or ordinance is proposed, the municipality must petition the State Fire Prevention and Building Code Council for a determination of whether the local law or ordinance indeed is more stringent than the requirements imposed by the Uniform Building Code (*see*, *id.*). If the Council determines that the proposed higher standards are "reasonably necessary" given the "special conditions" prevailing within the petitioning municipality and that such standards are in conformity with accepted industry practices, it may adopt the proposed standards in whole or in part (Executive Law § 379 [2]).

No one seriously questions the Common Council's general authority to enact more stringent fire safety standards in accordance with the provisions of Executive Law § 379. The dispositive issue on this appeal, however, is not whether the Common Council could validly enact Ordinance 95-1 but, rather,

---

1. There does not appear to be any dispute that the subject properties all were equipped with some form of smoke and heat detection devices or systems. Under the ordinance, however, buildings of the type at issue here were required to have interconnected, independent smoke and heat detection systems, and the systems employed by petitioners in the subject buildings, all of which were constructed prior to January 1, 1984, did not meet this criterion.

whether such ordinance may be applied retroactively to buildings plainly beyond the reach of the Uniform Building Code, i.e., those buildings constructed or under construction prior to January 1, 1984. We are of the view that this inquiry must be answered in the negative.

As a starting point, it bears noting that while a municipality is not prohibited from adopting or enacting a building regulation relating to any matter as to which the Uniform Building Code does not provide, "no municipality [is vested with] the power to supersede, void, repeal or make more or less restrictive any provisions of [Executive Law article 18] or of [the] rules or regulations made pursuant [t]hereto" (Executive Law § 379 [3]).[2] Such prohibition, coupled with the express limiting language contained in Laws of 1981 (ch 707), makes it abundantly clear that Ordinance 95-1 may not be applied retroactively in an effort to encompass buildings that are beyond the reach of the Uniform Building Code. Although Laws of 1981 (ch 707) permits the provisions of Executive Law article 18 to be applied to buildings constructed or under construction prior to January 1, 1984 where the Legislature has expressly provided for financial incentives and assistance, it is undisputed that this "exception" is not applicable here. Thus, we have little choice but to conclude that respondent is without authority to retroactively apply Ordinance 95-1 to pre-1984 buildings. To the extent that Ordinance 95-1 so provides, it is inconsistent and in direct conflict with the Uniform Building Code as set forth in Executive Law article 18 and, as such, cannot stand (see, Albany Area Bldrs. Assn. v Town of Guilderland, 74 NY2d 372, 376-377). Respondent's remaining contentions have been examined and found to be lacking in merit. Accordingly, Supreme Court's judgment is affirmed.

MIKOLL, YESAWICH JR., SPAIN and GRAFFEO, JJ., concur.

Ordered that the judgment is affirmed, without costs.

---

2. Indeed, Executive Law § 383 (1) unequivocally states that "[t]he provisions of [Executive Law article 18] and of the uniform fire prevention and building code shall supersede any other provision of a general, special or local law, ordinance, administrative code, rule or regulation inconsistent or in conflict therewith".